UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

                **DECISION AND ORDER**

  v.                  14-CR-45S

CAMERON STROKE,

      Defendant.

---

  Defendant Cameron Stroke ("Stroke") has filed omnibus pretrial motions, including a motion to suppress. (Dkt. No. 35.) The Court has held a hearing on the suppression motion, and the parties have filed post-hearing briefing. The Court also held oral argument on the post-hearing briefing. (Dkt. No. 91.)

  Following oral argument, the Court decided that supplemental briefing was needed to address a few questions pertaining to Stroke's suppression motion. The Court posed questions for supplemental briefing as follows:

  1) Was an Albany County grand jury actually convened to investigate defendant? Alternatively, did an already-impaneled grand jury in Albany County ever review any information pertaining to defendant?

  2) If conducted properly, a "knock and talk" interview by itself does not appear to require subpoenas or warrants. *See, e.g., U.S. v. Titemore*, 335 F. Supp. 2d 502, 505 (D. Vt. 2004). Given the amount of identifying information about defendant that appeared in the NCMEC reports, were the Albany County subpoenas a legal or factual prerequisite to the knock and talk interview? Put another way, under the inevitability doctrine or

> some analogous principle, would the events of this case from January 25, 2011 onward look any different if the Albany County subpoenas had issued from Erie County or not at all?

(Dkt. No. 92.) The parties requested a status conference to address the supplemental questions, and the Court held one on March 3, 2016. (Dkt. No. 98.) On March 11, 2016, the parties filed a joint stipulation with respect to the Court's supplemental questions. (Dkt. No. 100.) In short, the parties agree that, while an Albany County grand jury generally was in session around the time of the subpoenas in question, no Albany County grand jury either was convened for this case or reviewed any information pertaining to this case. With respect to the issue of the "knock and talk" interview, the parties have different positions about any causal relationship between the Albany County grand jury subpoenas and the subsequent interview.

The Court thanks counsel for their willingness to confer and to narrow the range of their differences. With respect to the Court's first supplemental question, the parties have provided the Court with the factual information that it sought concerning any activity from an Albany County grand jury. The only issue that remains is the legal issue of whether the Attorney General, under the circumstances of this case, can issue subpoenas in the name of a grand jury without any intent to present the case to that grand jury. The parties later will have an opportunity to brief this question.

With respect to the second supplemental question, the Court has decided that a limited reopening of the hearing is necessary. The reason for the second supplemental question is simple. Even if, as Stroke contends, the Albany County grand jury subpoenas were procedurally defective, there is a possibility that any defects are irrelevant. That possibility rests on whether the Albany County grand jury subpoenas influenced the decision to conduct a "knock and talk" interview, and whether the subpoenas influenced the issuance of the search warrants that came later. The testimony from the hearing appears to be silent about any influence that the subpoenas had on later events in the case. The search warrant applications (Gov't Hg. Exs. 6A, 7A) do not appear to mention the Albany County subpoenas directly.

Accordingly, the Court is reopening the suppression hearing to address the following issues:

- Whether the Albany County grand jury subpoenas were a factor in the decision to conduct a "knock and talk" interview on January 25, 2011;

- Whether the Albany County grand jury subpoenas were presented or otherwise discussed during the search warrant applications to West Seneca Town Court; and

- If the Albany County grand jury subpoenas were not presented or otherwise discussed, whether the search warrant applications to West Seneca Town Court contained information that was available only from the subpoenas.

The Court will hold the hearing on **April 19, 2016 at 10:00 AM**. Speedy-trial time remains excluded because pretrial motions remain pending.

SO ORDERED.

                                                              /s Hugh B. Scott  
                                                             HONORABLE HUGH B. SCOTT  
                                                             UNITED STATES MAGISTRATE JUDGE

DATED: March 22, 2016