UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

United States of America

                                                                        **Decision and Order**
                            v.                                              14-CR-45S

Cameron Stroke,

                              Defendant.

_____

On August 24, 2016, defendant Cameron Stroke filed two motions.

One motion is a request to have defendant's heretofore retained counsel appointed under

the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A.  (Dkt. No. 110.)  Briefly, defendant is aware

that the District generally disfavors having retained counsel accept a CJA appointment at a later

time in the same case.  Nonetheless, defendant argues that counsel could not have anticipated that

some of the legal issues in this case would have assumed their current complexity and would have

exhausted the modest retainer that defendant's family provided.

The other motion (Dkt. No. 109) is a request to reopen the suppression hearing a second

time to serve a subpoena on Nancy Snyder ("Snyder"), the now-retired Assistant Attorney General

who issued certain Albany County grand jury subpoenas that have become a focus of attention

from the parties.  Defendant wants Snyder "to testify concerning the facts and circumstances

which [led] to the issuance of the grand jury subpoenas." (*Id.* at 3.)  In short, defendant has argued

persistently that the Albany County grand jury subpoenas were infirm because they should have

issued within Erie County, where the state-level investigation for this case actually occurred.

The Court held a status conference on August 31, 2016.  The Court's primary focus was

the motion for CJA appointment; the Court conducted an inquiry of defendant and directed

defense counsel to provide a financial affidavit, which counsel now has submitted to chambers under seal. Since the Government indicated that it did not need to file any papers to oppose the motion to reopen the hearing, the Court heard a brief argument for that motion as well.

With respect to the motion for CJA appointment, defendant is correct that the District does not encourage acquiring a retainer first and then seeking a CJA appointment. *See United States v. Parker*, No. 00-CR-0053A, 2004 WL 2095684, at *2 (W.D.N.Y. Sept. 14, 2004); *United States v. Herbawi*, 913 F. Supp. 170, 172 (W.D.N.Y. 1996). That said, "[i]f at any stage of the proceedings, including an appeal, the United States magistrate judge or the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b) and authorize payment as provided in subsection (d), as the interests of justice may dictate." 18 U.S.C. § 3006A(c). "When requesting the appointment of counsel, the burden is on the defendant to show that he is unable to afford representation." *United States v. Barton*, 712 F.3d 111, 117 (2d Cir. 2013) (citation omitted). Defendant has met his burden in this case. From the payroll information that he provided with his motion and the other financial information that he provided in court, defendant has demonstrated that he is eligible for assigned counsel now and that he would not have been able to retain counsel without the voluntary assistance of relatives. Defense counsel's representations in court, coupled with the financial affidavit that he has submitted to chambers, confirm that defendant did not "enter[] unrealistic retainer agreements to circumvent the Plan's prohibition against selection of a particular CJA attorney." *United States v. Parker*, 439 F.3d 81, 105 (2d Cir. 2006). The representations and financial affidavit further reassure the Court that defense counsel has not been "utilizing

substantial partial retainers that, after quickly being exhausted, would then require the use of CJA funds." *Id.* The Court accordingly grants defendant's motion. Attorney James Harrington is hereby appointed as CJA counsel *nunc pro tunc* to August 24, 2016, the date of the motion.

As for the motion to reopen the suppression hearing, the Court appreciates defendant's diligence in trying to untangle certain state procedural issues and to understand how the investigation in this case unfolded in its earliest stages. The Court had similar concerns when it solicited supplemental briefing that led to the first reopening of the suppression hearing. (*See* Dkt. Nos. 92, 101.) Nonetheless, the Court sees two reasons why a second reopening of the suppression hearing is not necessary at this time. First, the parties already have stipulated to what the most important revelation in Snyder's testimony likely would be—that the Albany County grand jury, while available for a possible investigation, never actually investigated defendant, with a reasonable inference being that no prosecutor or law enforcement official ever intended to investigate defendant in Albany County. (*See* Dkt. No. 100.) Second, while the Court has let the parties develop their positions before committing to any specific analysis, it has become aware of legal authority that addresses arguments analogous to some of defendant's arguments. Specifically, there appears to be some authority finding that violations of state procedural safeguards by themselves do not warrant suppression of evidence unless those violations have direct federal implications. *See, e.g., United States v. Jones*, 185 F.3d 459, 463 (5th Cir. 1999); *United States v. Eastland*, 989 F.2d 760, 765–66 (5th Cir. 1993); *United States v. VanDyck*, No. CR 15-742-TUC-CKJ, 2016 WL 2909870, at *7 (D. Ariz. May 19, 2016); *Christopher v. Nestlerode*, 373 F. Supp. 2d 503, 511–18 (M.D. Pa. 2005); *United States v. Edwards*, 79 F. Supp. 2d 645, 649 (M.D. La. 1999).

In lieu of a second reopening of the suppression hearing at this time, the Court would like to hear from the parties about the applicability of the above cases.

For all of the above reasons, the Court grants defendant's motion for CJA appointment (Dkt. No. 110) and denies without prejudice defendant's motion to reopen the suppression hearing (Dkt. No. 109).  On or before October 12, 2016, defendant will file any briefing that addresses the first reopening of the suppression hearing and the cases cited above.  On or before November 2, 2016, the Government will file any responding briefing including any briefing that addresses the cases cited above.  Each side's briefing must not exceed 15 pages excluding covers and tables.  Speedy-trial time remains excluded because motions remain pending.

SO ORDERED.

__/s Hugh B. Scott_____
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: September 14, 2016